## OHIO FINANCE CO v YOUNGSTOWN (city)

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 4, 1932

Morris Mendelssohn, Youngstown, for plaintiff.

Vern Thomas, for defendant.

POLLOCK, J.

It does not appear in the petition what position Thomas Joyce had with the city, but it was agreed that he was a policeman, and we are considering the case on that supposition. It is not denied but what a policeman is an officer. It is a well settled principle of common law that a person holding a public office can not assign his future earnings as such officer, because it is against public policy, while other employes could under the common law assign their compensation under certain conditions.

This principle was stated by the Supreme Court of this state in the case of **Serrill v Wilder et, 77 Oh St, 343,** where a party elected as treasurer of a county assigned his future earnings. The Supreme Court held that the assignment was void, for the reason we have stated, that it was against public policy. That is almost a universal rule under the common law. Then we come to the question to be determined in this case, whether the statutes which we have referred to, authorized a public officer to assign his fees and required the public represented by whatever organization or office authorized to pay his compensation to comply with that assignment.

This act we have referred to is not an act especially in reference to the assignor or the person who might be desirous of assigning his compensation, but it is an act placing an organization that is engaged in making such loans within certain limits and requirements in making these loans. That is the object of this act.

It makes probably three changes in the common law, first the amount of wages earned or to be earned which can be assigned is limited to 50% of the assignor's salary, while before there was no limit. Second, the future earnings, where no contract or employment exists at the time but future prospect of earnings can be assigned, and third, that the employer while under the common law rule could refuse to comply with assignment, he can not do so

under the act. What we are referring to, of the substance of it, is found in **3 Ohio Jurisprudence, 256.** Now, it is also stated in this work on Jurisprudence that there had been no adjudication at the time this work was written whether the act changes the common law rule or not. Counsel were quite diligent in citing cases, but did not cite any case on that question. They cited cases on the common law rule, and this court has not been able to find any case under the Code provision. We are at liberty to construe these sections as we think they require, without aid from former adjudication.

As we have said, this act was not intended to either limit or extend the common law rule with reference to who had the right to make this assignment and make it binding on his employer. The act is in derogation of the common law rule, and not only in derogation of the ordinary common law rule or principle, but it is in derogation of a common law principle not announced for the benefit of the parties themselves, but for the protection of the public, on the theory that if an officer who owes to the public his services, had assigned a part of his services before they were earned, he woud not be so diligent in the future in serving the public.

We might go on talking about this matter and reading these sections, but they do not throw any light on that question. The only thing that squints, as we can find in these sections, that it might bind the public through its officers, is that the employer must comply with the assignment when it is properly made, but we do not think even that change in the rule would affect this common law principle that such assignment would be against public policy under the rules we have stated, and for that reason the demurrer to this petition is sustained.

Counsel will understand that this petition, as it appears here, the demurrer should be overruled, for the reason that it only states that the assignor is an employe, but we are deciding it as we understand counsel had agreed to. Probably it would have been better if that expression was written in the petition, but the judgment of the court below is affirmed. Exceptions.

ROBERTS and FARR, JJ, concur in the judgment.